# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**782**

**CA 10-01353**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

RONALD C. ROSS, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL ROSS ROSA, DEFENDANT-APPELLANT-RESPONDENT.

---

CAMARDO LAW FIRM, P.C., AUBURN (JOSEPH A. CAMARDO, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

MILLER MAYER, LLP, ITHACA (JOHN MOSS HINCHCLIFF OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered March 31, 2010. The order denied each of the parties' cross motions for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's cross motion insofar as it seeks to dismiss those parts of the counterclaims sounding in fraud and as modified the order is affirmed without costs.

Memorandum: Plaintiff, who owns property adjoining property owned by defendant, commenced this action pursuant to RPAPL article 15 seeking, inter alia, a determination with respect to the common boundary line between those properties. Defendant initially moved for a protective order, plaintiff cross-moved to dismiss the counterclaims and for summary judgment on the complaint, and defendant then cross-moved for summary judgment "with respect to the portions of the land being claimed by Plaintiff." Both parties now contend that Supreme Court erred in denying their respective cross motions. We conclude that the court properly denied the cross motion of defendant and that part of the cross motion of plaintiff for summary judgment inasmuch as there are triable issues of fact precluding that relief (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We further conclude, however, that those parts of the counterclaims sounding in fraud are time-barred (*see* CPLR 213 [8]). Consequently, we conclude that the court erred in denying those parts of plaintiff's cross motion seeking dismissal of the counterclaims insofar as they sound in fraud, and we thus modify the order by granting those parts of plaintiff's cross motion and dismissing the counterclaims only to the extent that they sound in fraud. Finally, we note that defendant has withdrawn his fourth counterclaim, alleging that plaintiff violated the Zoning Law

of the Town of Fleming.